EUDASIE PELLETIER, ADMX. OF ESTATE OF WILLIAM PELLETIER

*vs.*

CHESTER A. MORRIS ET AL.

York County. Decided August 16, 1933. The plaintiff in this case is the duly qualified administratrix of William Pelletier, her son, who was killed in an automobile accident on April 30, 1932. The action is brought under the provision of R. S. 1930, Chap. 101, Secs. 9-10. The deceased was a passenger in a car operated by one Albert Neveux which was being driven in a northerly direction on the Limerick Road so called. The defendants' car was proceeding on the same road in a southerly direction. It was being driven by the defendant Mary Morris, the wife of Chester A. Morris who is joined as defendant and is himself charged with directing and controlling the operation of the car. After a verdict for the defendants the plaintiff has filed a motion for a new trial.

The accident took place at a curve. The contention of the plaintiff is that, as the car in which the deceased was riding rounded this curve, the defendants were driving on the wrong side of the road, and that Neveux was forced to swerve to the left to avoid the

Morris car. Miss Lynch, a passenger in the defendants' car, who has a suit pending against Morris, states in her deposition that the Morris car just prior to the accident was in the middle of the road. The plaintiff calls attention to the fact that Mrs. Morris was an inexperienced driver, and contends that the accident occurred because of her want of skill. Neveux admits that just prior to the collision in an effort to prevent the accident he pulled his car to the left side of the highway, and there was evidence to warrant the jury in finding that the collision took place on Mrs. Morris' side of the road. Neither Mr. or Mrs. Morris were permitted to testify as the Court held that the provisions of R. S. 1930, Chap. 96, Sec. 119, barred them as witnesses. There was much conflicting testimony as to the position of the cars after the accident.

We have no doubt that the issue in this case was for the jury and that it was their province to determine from all the testimony the vital question as to the defendants' negligence. In accordance with the well established rule announced by this Court on many occasions their decision is final. Motion overruled. *Louis B. Lausier, William P. Donahue,* for plaintiff. *Willard & Willard,* for defendant.